AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
14 September 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

United States of America
v.
Joseph Vivero Aquino, Johncrisver Torreleza Buen, Amado Hernandez-Juarez, Marlo Tubig Lacsamana, Reggie Pena Lacsamana

*Defendant(s)*

Case No. 3:26-mj-71207 MAG

**ORDER DENYING APPLICATION**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 4, 2026 through July 14, 2026 in the county of San Mateo & San Francisco in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 846, 841(b)(1)(A) | conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit of DEA SA Sylvester Sum

☑ Continued on the attached sheet.

/s/ Sylvester Sum
*Complainant's signature*

DEA SA Sylvester Sum
*Printed name and title*

Approved as to form _/s/ Benjamin F. Farkas__
AUSA _Benjamin F. Farkas_________

Sworn to before me by telephone.

Date: ____________

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DENIED
Judge Lisa J. Cisneros

City and state: ____________

Hon. Lisa J. Cisneros
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN APPLICATION**
**FOR A CRIMINAL COMPLAINT AND FIVE ARREST WARRANTS**

I, Sylvester Sum, a Special Agent of the Drug Enforcement Administration ("DEA"), being duly sworn, state:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint charging, and five warrants authorizing the arrest of:

a. Joseph Vivero AQUINO ("AQUINO");

b. Johncrisver Torreleza BUEN ("BUEN");

c. Amado HERNANDEZ-JUAREZ ("HERNANDEZ-JUAREZ");

d. Marlo Tubig LACSAMANA ("MARLO"); and,

e. Reggie Pena LACSAMANA ("REGGIE")

for engaging in a drug trafficking conspiracy to distribute, and possess with the intent to distribute, over 50 grams of pure methamphetamine or a mixture or substance containing over 500 grams of methamphetamine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. § 846, starting on or about May 4, 2026, and continuing until at least on or about July 14, 2026, all in the Northern District of California.

## AFFIANT BACKGROUND

2. I have been a Special Agent of the DEA in the United States Department of Justice since November 2025. My current assignment is to investigate drug trafficking organizations as a member of the DEA San Francisco Narcotics Financial Investigative Task

Force.

3. I am a law enforcement officer of the United States Department of Justice, DEA, within the meaning of Section 878(a) of Title 21, United States Code; that is, an officer who is empowered by law to conduct investigations, make arrests, and seize property for violations of Title 21 and Title 18, United States Code. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for the narcotics offenses enumerated in Title 21 of the United States Code. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure; that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search and arrest warrants.

4. Prior to my employment with the DEA, I completed my Bachelor of Science Degree in Criminology in 2023. I served in the United States Marine Corps from 2013 to 2017.

5. As a DEA Special Agent, I have assisted in executing search warrants for controlled substances, related paraphernalia, indicia, and other evidence of violations of federal drug statutes. I have participated in investigations targeting individuals and organizations trafficking controlled substances as defined in Title 21, United States Code, Section 801. I received specialized drug law enforcement training at the DEA training academy in Quantico, Virginia, from July 2025 to November 2025. The training curriculum covered all aspects of drug investigations, including identifying controlled substances, undercover operations, financial investigations, electronic surveillance, money laundering techniques, and the general operation of drug trafficking organizations.

6. Through my training, experience, and interaction with other experienced Special

Agents, Task Force Officers, and other drug investigators, I have become familiar with the methods drug traffickers use to smuggle, safeguard, store, transport, and distribute drugs. I am also familiar with methods drug traffickers use to collect and conceal drug related proceeds, and how drug traffickers communicate with other to accomplish their objectives.

7. I submit this affidavit for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only facts sufficient to establish probable cause that a violation of the federal law identified above has occurred. As this affidavit is part of an ongoing investigation, my view of the significance and meaning of certain facts may evolve.

8. I base my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports of other law enforcement officers, and information provided by records and databases. I believe these sources to be reliable. Where I refer to conversations and events, unless otherwise noted, I refer to them in substance and in relevant part rather than in their entirety or verbatim. This affidavit reflects my current understanding of the facts relating to this investigation, but my understanding may change in the future as the investigation proceeds. My experience and training as a DEA Special Agent and my participation in this investigation form the basis of the opinions and conclusions set forth below.

## APPLICABLE STATUTES

9. Distribution of, and Possession with the Intent to Distribute, a Controlled Substance. Under Title 21, United States Code, Section 841(a)(1), it is unlawful for any person

to knowingly or intentionally distribute or possess with the intent to distribute a federally controlled substance. Under 21 C.F.R. § 1308.11, methamphetamine is a Schedule I controlled substance.

10. Under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), any person who knowingly or intentionally distributes or possesses with the intent to distribute 50 grams of pure methamphetamine or a mixture or substance containing over 500 grams of methamphetamine is subject to enhanced penalties, including a mandatory prison term of no less than 10 years.

11. Attempt and Conspiracy. Under Title 21, United States Code, Section 846, any person who attempts or conspires to commit any offense defined in the same subchapter, which included Section 841, shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## STATEMENT OF PROBABLE CAUSE

### A. Overview of the Methamphetamine Trafficking Conspiracy Investigation

12. Beginning on or around April 2026, the DEA; the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); and the Daly City Police Department ("DCPD") began two investigations into drug trafficking in the San Francisco Bay Area. The investigations focused on southern San Francisco County and northern San Mateo County. As part of the investigations, four undercover law enforcement agents or officers (each identified as "UC" followed by a numeral) made controlled crystal methamphetamine purchases from BUEN, AQUINO, REGGIE, MARLO, and HERNANDEZ-JUAREZ on various dates between May 4 and July 14, 2026.

13. These investigations started as two separate investigations and revealed a drug trafficking organization with multiple subjects who conspired to sell and distribute methamphetamine. The first investigation concentrated on HERNANDEZ-JUAREZ and eventually connected to MARLO, REGGIE, and BUEN. The second focused on AQUINO**.** The information presented below describes how the two investigations merged and identified AQUINO as a local methamphetamine supplier to REGGIE and BUEN, who then provide methamphetamine to MARLO and HERNANDEZ-JUAREZ, who sell the drugs to willing buyers. This affidavit describes the events in chronological order as they occurred.

14. Based on the facts presented below, I believe AQUINO is supplying REGGIE and BUEN with crystal methamphetamine who, in turn, give those drugs to MARLO and HERNANDEZ-JUAREZ, who sell the drugs to willing buyers.

**B. May 7, 2026 Controlled Purchase in Pacifica, California: HERNANDEZ-JUAREZ Sells Methamphetamine to UCs**

15. On May 7, 2026, UC-1 and UC-2 met with HERNANDEZ-JUAREZ in the area of 2040 Francisco Boulevard in Pacifica, California, in the Northern District of California, to buy two ounces of crystal methamphetamine.

16. At approximately 7:12 p.m., HERNANDEZ-JUAREZ approached and entered the UCs' vehicle. UC-1 positively identified HERNANDEZ-JUEREZ by his San Mateo County booking photo. HERNANDEZ-JUAREZ told the UC-1 and UC-2 that his source would deliver the drugs in 20 minutes.

17. Moments later, HERNANDEZ-JUAREZ exited the UC's vehicle and walked towards the direction he originally came from. HERNANDEZ-JUAREZ then returned and entered the UCs' vehicle with a small clear plastic baggie containing a white crystal-like substance. HERNANDEZ-JUAREZ told the UCs that he only had one ounce of crystal

methamphetamine, and it was a free sample for the UCs. HERNANDEZ-JUAREZ then handed the plastic baggie to the UC-1 and did not accept any money from the UCs. Shortly after, HERNANDEZ-JUAREZ made several phone calls to attempt to get more crystal methamphetamine for the UCs. However, HERNANDEZ-JUAREZ was unable to get more methamphetamine, and the UCs eventually dropped him off at a local Safeway.

18. Law enforcement weighed and field tested the white crystal-like substances HERNANDEZ-JUAREZ gave to UC-1 and UC-2. The substance tested presumptively positive for methamphetamine and weighed approximately 30.8 grams.

**C. June 4, 2026 Controlled Purchase in San Francisco, California: AQUINO Sells Methamphetamine to a UC**

19. On June 3, 2026, UC-3 called AQUINO at cellphone number ending in 6807 and asked to buy four ounces of crystal methamphetamine from AQUINO. AQUINO agreed to sell the crystal methamphetamine to UC-3 and said they would meet the next day on June 4, 2026.

20. On June 4, 2026, AQUINO called UC-3 from cellphone number ending in 6807. AQUINO told UC-3 that AQUINO had the crystal methamphetamine and wanted to meet UC-3 in the area of Mission and Persia Streets, in San Francisco, California. During phone conversations between UC-3 and AQUINO leading to the meeting in San Francisco, UC-3 had asked AQUINO, “is this Joe?” (AQUINO’s first name) and AQUINO said yes.

21. At approximately 3:45 p.m., UC-3 called AQUINO stating that UC-3 had arrived in San Francisco and was in a “white 300”, referring to a white Chrysler 300 sedan that UC-3 was driving.

22. While parked in front of 4699 Mission Street in San Francisco, UC-3 looked to his left and saw AQUINO standing on the west-bound curbline of Mission Street. UC-3 identified AQUINO based on AQUINO’s photo on his California DMV record. UC-3 gave

AQUINO a head nod and AQUINO gave one back to UC-3. AQUINO then pointed in the direction of UC-3's vehicle indicating there was something or someone to UC-3's right.

23. UC-3 looked to his right and observed an adult male who appeared to be Asian, possibly Filipino, standing at the passenger side door of the UC's vehicle. The unidentified adult male provided UC-3 with a clear plastic bag containing white crystal-like substances. In return, UC-3 provided the adult male with $500. Based on my training and experience, the unidentified adult male was sent by AQUINO as a "runner" to conduct the purchase so that AQUINO could remain undetected by law enforcement.

24. After the purchase, UC-3 called AQUINO and AQUINO stated, "It's four, right?," which the UC-3 understood to refer to the four ounces of crystal methamphetamine AQUINO sold to UC-3 via the "runner." UC-3 confirmed it was the correct amount.

25. UC-3 then asked AQUINO if AQUINO had four more ounces (of crystal methamphetamine) to sell. AQUINO called UC-3 back and said he could only get two ounces (of crystal methamphetamine). UC-3 agreed to purchase two more ounces of crystal methamphetamine from AQUINO in addition to the four ounces AQUINO had just sold to UC-3.

26. Approximately one hour later, UC-3 returned to the same area and met with AQUINO. AQUINO entered UC-3's vehicle and gave UC-3 a clear plastic bag containing white crystal-like substances. UC-3 then asked AQUINO why AQUINO sent a "runner" for the drug deal earlier and told AQUINO that UC-3 did not want to deal with "runners." AQUINO acknowledged that he had sent a "runner" for the earlier drug deal and had full knowledge of it. UC-3 provided AQUINO with $200 for the second clear plastic bag containing white crystal-like substances.

27. Once the transaction occurred, AQUINO exited the UC's vehicle and walked east on Persia Street. Surveillance units observed AQUINO enter the driver's seat of a gold Lexus RX300 with California license plate 5JVG144, which is registered to AQUINO. Surveillance units then observed AQUINO park in front of 762 Vienna Street in San Francisco and enter the residence at that address. California DMV records list that address as AQUINO's residence.

28. Law enforcement weighed and field tested the white crystal-like substances AQUINO sold to UC-3. The substances tested presumptively positive for the presence of approximately 250.4 grams of crystal methamphetamine.

29. Thereafter, the suspected narcotics in both bags obtained from AQUINO were sent to the DEA Western Laboratory for analysis. The DEA Western Laboratory reports from the testing of the bags concluded that the narcotics purchased on June 4, 2026, from AQUINO were in fact methamphetamine. The contents of one bag had an approximate net weight of 111.3 grams and approximate purity of 98 percent, and the contents of the other bag had an approximate net weight of 69.9 grams and an approximate purity of 99 percent.

**D. June 4, 2026 Controlled Purchase in Pacifica, California: HERNANDEZ-JUAREZ, MARLO, and BUEN Sell to a UC**

30. On June 4, 2026, UC-1 communicated with HERNANDEZ-JUAREZ via the cellphone number ending in 3667 to buy two ounces of crystal methamphetamine at the Fairmont Shopping Center in Pacifica, California.

31. At approximately 6:26 p.m., HERNANDEZ-JUAREZ arrived in the parking lot of the shopping center on a scooter and met UC-1 at the UC's vehicle. Then, while standing outside the front passenger window, HERNANDEZ-JUAREZ contacted MARLO via phone to source the crystal methamphetamine. UC-1 overheard the conversation and heard HERNANDEZ-JUAREZ address MARLO by his first name. HERNANDEZ-JUAREZ had UC-

1 speak directly to MARLO over the phone in which UC-1 and MARLO agreed to the sale of two ounces of crystal methamphetamine for $300.

32. While UC-1 and HERNANDEZ-JUAREZ were at the Fairmont shopping center parking lot, a DCPD officer working on the investigation observed MARLO and BUEN exit 467 Gateway Drive, Apartment #209, in Pacifica, and enter a white Jeep Liberty with California license plate number 7XKF304 registered to MARLO. The DCPD officer identified MARLO and BUEN via their California DMV license photos and their encounters with DCPD officers in the past.

33. At approximately 6:45 p.m., surveillance units observed MARLO and BUEN arrive at the Fairmont Shopping Center in the white Jeep Liberty and meet with HERNANDEZ-JUAREZ in front of the Dollar Tree store. After meeting with MARLO and BUEN, HERNANDEZ-JUAREZ returned to UC-1 with a pizza box. UC-1 was standing outside of the UCs vehicle at the time.

34. UC-1 observed HERNANDEZ-JUAREZ open the pizza box. UC-1 then observed four clear plastic bags which each contained white crystal-like substances inside the pizza box. Shortly after, UC-1 paid HERNANDEZ-JUAREZ $300 in exchange for the pizza box containing four clear plastic bags with white crystal-like substances. UC-1 then placed the pizza box inside the UC's vehicle.

35. Afterwards, MARLO approached and stood next to UC-1. UC-1 then introduced himself to MARLO.

36. While UC-1 was buying the drugs from HERNANDEZ-JUAREZ and talking to MARLO, surveillance units observed BUEN stand nearby acting as a "lookout." Based on my training and experience, it is common for drug dealers to employ a "lookout" during drug

transactions who keep watch in the area where a transaction is occurring and warn their co-conspirators if they see law enforcement or other threats, and BUEN's conduct was consistent with this practice. After the deal, HERNANDEZ-JUAREZ exited the parking lot on his scooter. At the same time, MARLO walked to BUEN and they both entered the white Jeep Liberty. Shortly after, MARLO and BUEN left the parking lot in their car.

37. Law enforcement weighed and field tested the white crystal-like substances HERNANDEZ-JUAREZ obtained from MARLO and BUEN and sold to UC-1. The substance tested presumptively positive for the presence of approximately 88.1 grams of crystal methamphetamine.

38. Thereafter, the suspected narcotics were sent to the DEA Western Laboratory for analysis. The DEA Western Laboratory report concluded that the narcotics purchased in this transaction were in fact methamphetamine with the approximate net weight of 55.3 grams and approximate purity of 96 percent.

**E. July 7, 2026 Controlled Purchase: BUEN, REGGIE, and MARLO Sell Methamphetamine to UC; MARLO Tries to Contact AQUINO During the Sale**

39. On July 7, 2026, UC-1 called MARLO at cell phone number ending in 1904 to buy approximately 2.3 ounces of crystal methamphetamine in Pacifica, California.

40. Prior to the deal, surveillance units arrived at the 7-11 convenience store located at the intersection of Hickey Boulevard and Gateway Drive in Pacifica. Surveillance units observed REGGIE and BUEN seated in MARLO's car, the same white Jeep Liberty referenced above, parked outside of the 7-11. DCPD officers positively identified REGGIE based on their previous encounters.

41. At approximately 3:00 p.m., UC-1 arrived at the 7-11 and saw BUEN, REGGIE, and MARLO standing next to and coming in and out of the white Jeep Liberty. UC-1 got out of

the UC-1's vehicle and greeted MARLO. UC-1 and MARLO then entered UC-1's vehicle.

42. Inside the car, MARLO told UC-1 that MARLO was waiting on MARLO's supplier to get back to him. UC-1 agreed to wait. While waiting, MARLO asked UC-1 to drive to the rear of Launderland, located at 301 Gateway Drive in Pacifica. MARLO told UC-1 to follow BUEN and REGGIE, who drove the white Jeep to the rear of Launderland. MARLO stated to UC-1 that BUEN would be using the free Wi-Fi at Launderland to call MARLO's supplier. For the next 15 minutes, UC-1 was in UC-1's vehicle with MARLO.

43. In the presence of UC-1, BUEN stated to MARLO that BUEN was going to "call Joe." As BUEN attempted to call "Joe," REGGIE stood near and around the UC-1's vehicle acting as a "lookout." After several unsuccessful attempts to call "Joe," BUEN told MARLO that they would "go to Vienna." MARLO told UC-1 to follow the white Jeep occupied by BUEN and REGGIE.

44. UC-1, MARLO, and the white Jeep Liberty drove to and parked in the area of 762 Vienna Street in San Francisco, California. California DMV records list 762 Vienna Street as AQUINO's address, and law enforcement had previously observed AQUINO enter that residence following an undercover buy, as described above.

45. UC-1 observed BUEN and REGGIE exit their vehicle and attempt to make another call. UC-1 understood that, based on the immediately preceding conversation at Launderland, that they were attempting to call "Joe" at 762 Vienna Street. Meanwhile, UC-1 and MARLO remained in UC-1's vehicle nearby.

46. While waiting, MARLO told UC-1 that "Joe" was a friend of BUEN and MARLO's cousin REGGIE. UC-1 asked if MARLO knew "Joe" and MARLO said that he did. MARLO continued to speak about the structure and informed UC-1 that UC-1 could not buy

directly from AQUINO or BUEN because it would disrupt the "flow" of money. MARLO continued by stating that despite knowing "Joe," he prefers to purchase his drugs from "Joe" through BUEN and REGGIE because he does not want to disrupt the "flow" of money either.

47. Moments later, MARLO borrowed UC-1's phone to call REGGIE at cellphone number ending in 5098. REGGIE informed UC-1 and MARLO that "Joe" did not answer the door. BUEN and REGGIE then told UC-1 and MARLO that they will go to the "hotel across from the Cow Palace" to meet with "Joe" based on their assumption that "Joe" would be there.

48. While observing AQUINO'S cellphone pings and conducting physical surveillance, law enforcement saw BUEN, REGGIE, and AQUINO meet at the Royal Palace Inn located at 2929 Geneva Avenue in Daly City, California. The Royal Palace Inn is across the street from Cow Palace.

49. Despite BUEN and REGGIE trying to meet AQUINO at the Royal Palace Inn, MARLO told UC-1 they were still waiting to obtain drugs from AQUINO to sell to UC-1.

50. When UC-1 told MARLO that UC-1 had to leave soon, MARLO told UC-1 that MARLO had two ounces of crystal methamphetamine at MARLO's residence for sale to UC-1. MARLO then asked UC-1 to drive to MARLO's residence at 66 Eastridge Circle in Pacifica for the deal. UC-1 agreed.

51. While driving with MARLO to MARLO'S residence, UC-1 drove by 762 Vienna Street and asked, "Where does Joe live?" MARLO pointed at AQUINO's residence at 762 Vienna Street and stated, "right there." MARLO also said, "That's Joe's house, he runs a gambling shack." MARLO told UC-1 he had been to AQUINO's gambling shack in the past. Once UC-1 and MARLO arrived at 66 Eastridge Circle in Pacifica, which MARLO indicated was his residence, MARLO went inside, got a clear plastic bag containing white crystal-like

substances, returned to UC-1 at the car, and handed the bag to UC-1 in exchange for $300.

52. Law enforcement weighed and field tested the white crystal-like substances MARLO sold to UC-1. The substance tested presumptively positive for the presence of approximately 95.5 grams of crystal methamphetamine.

53. As part of the investigation, DCPD officers obtained a search warrant signed on June 17, 2026, by the Honorable Judge Finigan of the San Mateo County Superior Court that authorized a pen register trap and trace ("PRTT") and cellphone ping of AQUINO's cellphone number ending in 6087. An extension for this search warrant was obtained on July 17, 2026, and was signed by the Honorable Judge Garratt of the San Mateo County Superior Court.

54. Law enforcement later reviewed AQUINO'S telephone data and learned that REGGIE and BUEN were in constant communication with AQUINO while MARLO was selling the crystal methamphetamine to UC-1 at 66 Eastridge Circle in Pacifica. Law enforcement positively identified REGGIE's phone number as the same number MARLO called during the June 7 undercover buy using UC-1's cellphone. Additionally, DCPD officers identified BUEN's phone number ending 7384 by cross-referencing law enforcement databases.

**F. July 14, 2026 Controlled Purchase: MARLO Sells to UCs, Goes to BUEN's Address to Get More Methamphetamine; BUEN Contacts AQUINO Following Transaction and AQUINO Goes to BUEN**

55. On July 14, 2026, MARLO again sold crystal methamphetamine to UC-1 and UC-4 in front of his residence at 66 Eastridge Circle in Pacifica, California.

56. At approximately 3:12 p.m., UC-1 and UC-4 arrived and parked in front of 66 Eastridge Circle in Pacifica. UC-1 placed a phone call to MARLO stating that UC-1 had arrived. Shortly after, UC-1 and UC-4 observed MARLO come out of the garage of MARLO's residence and approach the UCs' vehicle.

57. MARLO entered the UCs' vehicle and gave the UCs a clear plastic bag containing crystal-like substances in a brown paper bag. In exchange, the UCs paid MARLO with $1,500 for the crystal methamphetamine. During the deal, UC-1 asked for an additional pound of crystal methamphetamine. MARLO agreed and said he would call UC-1 once the drugs were ready. Surveillance units then observed MARLO exit the UCs' vehicle and walk back into MARLO's residence as the UCs were leaving the deal location.

58. After the UCs left, DCPD detectives observed MARLO exit his residence and drive to the intersection of Gateway Drive and Firecrest Avenue in Pacifica, near 467 Gateway Drive in Pacifica (the apartment building in which BUEN resides, based on his California DMV record). MARLO then exited his car and entered the apartment complex at 467 Gateway Drive.

59. At approximately 5:17 p.m., a DCPD drone unit observed AQUINO arrive in the area of 467 Gateway Drive in Pacifica. AQUINO was driving a blue Honda minivan with CA license plate 9YSA165, which was registered to AQUINO. A DCPD officer watched the drone feed and was able to visually identify the driver operating the above-mentioned vehicle as AQUINO.

60. UC-1 then received a phone call from MARLO stating that the drugs were ready to pick up. Because MARLO had not provided a timeframe as to when the drugs were going to be ready after the first undercover buy, and limited personnel were available for surveillance, law enforcement were unable to obtain the additional drugs from MARLO.

61. Law enforcement weighed and field tested the white crystal-like substance MARLO sold to UC-1 and UC-4 earlier on July 14, 2026. The substance tested presumptively positive for the presence of approximately 358.7 grams of crystal methamphetamine.

62. Thereafter, the suspected narcotics were sent to the DEA Western Laboratory for

analysis. The DEA Western Laboratory report concluded that the narcotics purchased in this transaction were in fact methamphetamine with the approximate net weight of 307.7 grams and an approximate purity of 94 percent.

**G. Location Monitoring and Surveillance of AQUINO Establish that AQUINO has Two Residences: 762 Hillside Boulevard in Daly City and 748 Vienna Street in San Francisco**

63. A review of AQUINO'S PRTT data (obtained from the same warrant described above) revealed that BUEN and AQUINO spoke approximately eight times around 3:41 p.m. on July 14, 2026.

64. On July 14, 2026, DCPD conducted a records check of parked license plate reads for one of AQUINO's vehicles, a blue Honda Odyssey with CA license plate 9YSA165. DCPD located multiple parked reads of the vehicle in which it was parked on the curbline of Hillside Boulevard and directly in front of 748 Hillside Boulevard in Daly City, California.

65. Before July 14, 2026, pursuant to a warrant signed by Honorable Judge Finigan of San Mateo County Superior Court on June 17, 2026, and extended on July 17, 2026, by Honorable Judge Garratt of the same court, DCPD placed a GPS tracking device on AQUINO's other vehicle, a gold Lexus RX300 with CA licence plate 5JVG144 registered to AQUINO.

66. On July 14, 2026, DCPD was led to the area of 748 Hillside Boulevard in Daly City, California, by the tracking device on the gold Lexus RX300. At approximately 9:56 a.m., DCPD conducted surveillance on AQUINO's gold Lexus RX300. During surveillance, DCPD observed the gold Lexus RX300 pull over on the east-bound curbline across the street from the 748 Hillside Boulevard residence. DCPD then observed AQUINO exit the front right passenger seat of the gold Lexus RX300 and walk across the street to 748 Hillside Boulevard.

67. DCPD also had cell phone pings established on AQUINO's cell phone (pursuant

to the PRTT and cellphone ping warrant granted by Judge Finigan described above) that consistently placed him in the area of 748 Hillside Boulevard in Daly City during the hours of 12:00 a.m. through 7:00 a.m. on June 15, 2026.

68. DPCD and DEA had conducted surveillance at 748 Hillside Boulevard and 762 Vienna Street in San Francisco, California, and observed AQUINO enter and exit the two above-mentioned residences on multiple occasions. During this investigation, law enforcement observed AQUINO access 748 Hillside Boulevard via the front door and garage, as well as entering and exiting 762 Vienna Street via the front door. Law enforcement observed AQUINO at both residences between early June 2026 through July 2026. Cellphone ping and vehicle location data also showed that AQUINO would consistently be at the residence on 748 Hillside Boulevard in the early morning hours and would move to 762 Vienna Street later in the day. During the timeframe of this investigation, AQUINO has consistently used both locations, 748 Vienna Street and 762 Hillside Boulevard, and was able to access both locations at different hours without the assistance of any other residents/occupants opening the door.

69. A records check of AQUINO's California Driver's License along with multiple law enforcement databases revealed that he currently lists his residence at 762 Vienna Street, San Francisco, California. Databases showed that both 762 Vienna Street and 748 Hillside Boulevard are rental properties, owned by different individuals. Based on my training and experience, drug dealers often rent multiple properties to serve as residences and storages for drugs and proceeds. Additionally, during the July 7 undercover buy between UC-1 and MARLO, MARLO revealed to UC-1 that "Joe ran a gambling shack" and resided "right there." "Right there" was said when MARLO pointed toward 762 Vienna Street, in San Francisco, California, as mentioned above.

70. Based on all this information, it is my opinion that AQUINO resides at both 762

Hillside Boulevard in Daly City and 748 Vienna Street in San Francisco.

**H. September 2, 2026 Phone Conversation between UC-1 and HERNANDEZ-JUAREZ**

71. On September 2, 2026, UC-1 placed a call to HERNANDEZ-JUAREZ at a new phone number ending in 8210. HERNANDEZ-JUAREZ did not answer. A few hours later, HERNANDEZ-JUAREZ texted and called UC-1 from the new phone number ending in 8210. UC-1 confirmed that the new phone number ending in 8210 was HERNANDEZ- JUEREZ's new cellphone number by recognizing his voice.

72. HERNANDEZ-JUAREZ told UC-1 that he currently stays in a basement unit of a pink two-story house next to a detached garage on Buena Vista Avenue, in San Bruno, California. HERNANDEZ-JUAREZ specifically told UC-1 that the entrance to the basement unit is at the back of the house, accessible through the driveway. Law enforcement was able to find the house on Google Maps that matches with the description, at 29-31 Buena Vista Avenue, San Bruno, California (a single duplex building with two house numbers).

## CONCLUSION

73. Based on the facts presented and information, I believe AQUINO is supplying REGGIE and BUEN with crystal methamphetamine who, in turn, give those drugs to MARLO and HERNANDEZ-JUAREZ, who sell the drugs to willing buyers. Moreover, based on the drug distribution hierarchy MARLO described to UC-1, there is probable cause to believe AQUINO is a source of supply of crystal methamphetamine in San Mateo and San Francisco Counties.

74. Based upon this affidavit's information, I respectfully submit that there is probable cause to believe that between May 4 and July 14 2026, in the Northern District of California, AQUINO, BUEN, HERNANDEZ-JUAREZ, MARLO, and REGGIE entered into

and participated in a conspiracy to distribute methamphetamine and that they both distributed and possessed with intent to distribute over 50 grams of pure methamphetamine or a mixture or substance containing over 500 grams of methamphetamine, its salts, optical and geometric isomers, and salts of isomers. The conspiracy is a violation of 21 U.S.C. § 846. Accordingly, I respectfully request that the Court issue a criminal complaint and arrest warrant for Joseph Vivero AQUINO, Johncrisver Torreleza BUEN, Amado HERNANDEZ-JUAREZ, MARLO Tubig Lacsamana, and REGGIE Pena Lacsamana.

75. I further request, in order to avoid AQUINO, BUEN, HERNANDEZ-JUAREZ, MARLO, and REGGIE fleeing, destroying evidence, intimidating witnesses, or otherwise changing their behavior prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding Criminal Complaint and five Arrest Warrants, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, DEA, ATF, DCPD, and other law enforcement agencies as necessary for use in investigation and prosecution.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Sylvester Sum*
SYLVESTER SUM
Special Agent
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P 4.1 and 4(d) on this _____ day of September 2026.

____________________________________
THE HONORABLE LISA J. CISNEROS
United States Magistrate Judge

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT [ ] INFORMATION [ ] INDICTMENT [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

[ ] Petty
[ ] Minor
[ ] Misde-meanor
[X] Felony

PENALTY: 10 years (min) to life imprisonment; 5 years (min) to life supervised release; $10,000,000 fine; $100 special assessment; denial of federal benefits; forfeiture; immigration consequences

## DEFENDANT - U.S

Joseph Vivero Aquino

DISTRICT COURT NUMBER

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

DEA SA Sylvester Sum

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY [ ] DEFENSE
SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Craig H. Missakian

[X] U.S. Attorney [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Benjamin F. Farkas

## DEFENDANT

### IS *NOT* IN CUSTODY

1) [X] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

### IS IN CUSTODY

4) [ ] On this charge

5) [ ] On another conviction } [ ] Federal [ ] State

6) [ ] Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

[ ] SUMMONS [ ] NO PROCESS* [X] WARRANT

Bail Amount: no bail

If Summons, complete following:
[ ] Arraignment [ ] Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: 10 years (min) to life imprisonment; 5 years (min) to life supervised release; $10,000,000 fine; $100 special assessment; denial of federal benefits; forfeiture; immigration consequences

## DEFENDANT - U.S

Johncrisver Torreleza Buen

DISTRICT COURT NUMBER

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

DEA SA Sylvester Sum

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Craig H. Missakian

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Benjamin F. Farkas

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☒ On another conviction } ☐ Federal ☒ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT [ ] INFORMATION [ ] INDICTMENT [ ] SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

[ ] Petty
[ ] Minor
[ ] Misde-meanor
[X] Felony

PENALTY: 10 years (min) to life imprisonment; 5 years (min) to life supervised release; $10,000,000 fine; $100 special assessment; denial of federal benefits; forfeiture; immigration consequences

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

Amado Hernandez-Juarez

DISTRICT COURT NUMBER

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

DEA SA Sylvester Sum

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY [ ] DEFENSE
SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form Craig H. Missakian

[X] U.S. Attorney [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) Benjamin F. Farkas

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) [X] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) [ ] On this charge

5) [ ] On another conviction } [ ] Federal [ ] State

6) [ ] Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

[ ] This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

[ ] SUMMONS [ ] NO PROCESS* [X] WARRANT

Bail Amount: no bail

If Summons, complete following:
[ ] Arraignment [ ] Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT [ ] INFORMATION [ ] INDICTMENT [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

[ ] Petty
[ ] Minor
[ ] Misde-meanor
[X] Felony

PENALTY: 10 years (min) to life imprisonment; 5 years (min) to life supervised release; $10,000,000 fine; $100 special assessment; denial of federal benefits; forfeiture; immigration consequences

## DEFENDANT - U.S

Marlo Tubig Lacsamana

DISTRICT COURT NUMBER

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

DEA SA Sylvester Sum

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Craig H. Missakian

[X] U.S. Attorney [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Benjamin F. Farkas

## DEFENDANT

### IS *NOT* IN CUSTODY

1) [X] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

### IS IN CUSTODY

4) [ ] On this charge

5) [ ] On another conviction } [ ] Federal [ ] State

6) [ ] Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

[ ] SUMMONS [ ] NO PROCESS* [X] WARRANT

Bail Amount: no bail

If Summons, complete following:
[ ] Arraignment [ ] Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: 10 years (min) to life imprisonment; 5 years (min) to life supervised release; $10,000,000 fine; $100 special assessment; denial of federal benefits; forfeiture; immigration consequences

## DEFENDANT - U.S

Reggie Pena Lacsamana

DISTRICT COURT NUMBER

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

DEA SA Sylvester Sum

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Craig H. Missakian

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Benjamin F. Farkas

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>Joseph Vivero Aquino, Johncrisver Torreleza Buen, Amado Hernandez-Juarez, Marlo Tubig Lacsamana, Reggie Pena Lacsamana<br>*Defendant* | ) | Case No. |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Joseph Vivero Aquino ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

Date: ____________

____________________
*Issuing officer's signature*

City and state: ____________

Hon. Lisa J. Cisneros
*Printed name and title*

**Return**

This warrant was received on *(date)* ____________ , and the person was arrested on *(date)* ____________
at *(city and state)* ____________ .

Date: ____________

____________________
*Arresting officer's signature*

____________________
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: Joseph Vivero Aquino

Known aliases:

Last known residence: 762 Vienna Street, San Francisco, CA

Prior addresses to which defendant/offender may still have ties: 748 Hillside Blvd, Daly City, CA

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth: 01/15/1971

Social Security number: 731128276

Height: 505 Weight: 160

Sex: M Race: Asian

Hair: Blk Eyes: Bro

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: Suspected narcotics trafficker

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address: DEA, 450 Golden Gate Ave, San Francisco

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>Joseph Vivero Aquino, Johncrisver Torreleza Buen, Amado Hernandez-Juarez, Marlo Tubig Lacsamana, Reggie Pena Lacsamana<br>*Defendant* | ) | Case No. |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Johncrisver Torreleza Buen, ,
who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment ❒ Superseding Indictment ❒ Information ❒ Superseding Information ☑ Complaint
❒ Probation Violation Petition ❒ Supervised Release Violation Petition ❒ Violation Notice ❒ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

Date: ____________________

____________________
*Issuing officer's signature*

City and state: ____________________

Hon. Lisa J. Cisneros
*Printed name and title*

**Return**

This warrant was received on *(date)* ____________ , and the person was arrested on *(date)* ____________
at *(city and state)* ____________________ .

Date: ____________________

____________________
*Arresting officer's signature*

____________________
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: Johncrisver Torreleza Buen,

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth: 04/19/1989

Social Security number: 620250039

Height: 509 Weight: 190

Sex: M Race: Asian

Hair: Blk Eyes: Blk

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: Suspected narcotics trafficker

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: 240613WD1

Complete description of auto:

Investigative agency and address: DEA, 450 Golden Gate Ave, San Francisco

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

United States of America
v.
Joseph Vivero Aquino, Johncrisver Torreleza Buen, Amado Hernandez-Juarez, Marlo Tubig Lacsamana, Reggie Pena Lacsamana

*Defendant*

Case No.

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Amado Hernandez-Juarez ,
who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment ❒ Superseding Indictment ❒ Information ❒ Superseding Information ☑ Complaint
❒ Probation Violation Petition ❒ Supervised Release Violation Petition ❒ Violation Notice ❒ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

Date: __________

__________
*Issuing officer's signature*

City and state: __________

Hon. Lisa J. Cisneros
*Printed name and title*

**Return**

This warrant was received on *(date)* __________ , and the person was arrested on *(date)* __________
at *(city and state)* __________ .

Date: __________

__________
*Arresting officer's signature*

__________
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: Amado Hernandez-Juarez

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth: 06/07/1993

Social Security number:

Height: 506 Weight: 140

Sex: M Race: White

Hair: Blk Eyes: Bro

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: Suspected narcotics trafficker

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: 255900HF2

Complete description of auto:

Investigative agency and address: DEA, 450 Golden Gate Ave, San Francisco

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

United States of America
v.
Joseph Vivero Aquino, Johncrisver Torreleza Buen, Amado Hernandez-Juarez, Marlo Tubig Lacsamana, Reggie Pena Lacsamana

*Defendant*

Case No.

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Marlo Tubig Lacsamana , who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment ❒ Superseding Indictment ❒ Information ❒ Superseding Information ☑ Complaint
❒ Probation Violation Petition ❒ Supervised Release Violation Petition ❒ Violation Notice ❒ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

Date: ____________

_______________________
*Issuing officer's signature*

City and state: ____________

Hon. Lisa J. Cisneros
*Printed name and title*

**Return**

This warrant was received on *(date)* ____________ , and the person was arrested on *(date)* ____________ at *(city and state)* ____________ .

Date: ____________

_______________________
*Arresting officer's signature*

_______________________
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: Marlo Tubig Lacsamana

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth: 03/17/1971

Social Security number: 572712956

Height: 507 Weight: 160

Sex: M Race: Asian

Hair: Blk Eyes: Bro

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: Suspected narcotics trafficker

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: 587491TA3

Complete description of auto:

Investigative agency and address: DEA, 450 Golden Gate Ave, San Francisco

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

United States of America
v.
Joseph Vivero Aquino, Johncrisver Torreleza Buen, Amado Hernandez-Juarez, Marlo Tubig Lacsamana, Reggie Pena Lacsamana

*Defendant*

Case No.

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Reggie Pena Lacsamana ,
who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment ❒ Superseding Indictment ❒ Information ❒ Superseding Information ☑ Complaint
❒ Probation Violation Petition ❒ Supervised Release Violation Petition ❒ Violation Notice ❒ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846, 841(b)(1)(A) -- conspiracy to distribute and possess with intent to distribute over 50 grams of pure methamphetamine

Date: ____________________

____________________
*Issuing officer's signature*

City and state: ____________________

Hon. Lisa J. Cisneros
*Printed name and title*

**Return**

This warrant was received on *(date)* ____________ , and the person was arrested on *(date)* ____________
at *(city and state)* ____________________ .

Date: ____________________

____________________
*Arresting officer's signature*

____________________
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: Reggie Pena Lacsamana

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth: 06/19/1975

Social Security number: 559691851

Height: 508 Weight: 145

Sex: M Race: Asian/Black

Hair: Bro Eyes: Bro

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: Suspected narcotics trafficker

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: 384828AB5

Complete description of auto:

Investigative agency and address: DEA, 450 Golden Gate Ave, San Francisco

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

BENJAMIN F. FARKAS (CABN 308811)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7223
FAX: (415) 436-7234
Benjamin.farkas@usdoj.gov

Attorneys for United States of America

FILED

**14 September 2026**

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES<br>v.<br>JOSEPH VIVERO AQUINO, JOHNCRISVER TORRELEZA BUEN, AMADO HERNANDEZ-JUAREZ, MARLO TUBIG LACSAMANA, AND REGGIE PENA LACSAMANA | NO.: 3:26-mj-71207 MAG<br>MOTION FOR SEALING ORDER<br>**UNDER SEAL** |

The United States, by and through its counsel, Assistant United States Attorney Benjamin F. Farkas, moves this Court for an order sealing the government's application for a sealing order, the sealing order, complaint, affidavit, arrest warrants, penalty sheets, and all attachments in the above-referenced case. Disclosure of the specified documents might jeopardize the defendants' arrest. The United States requests that the arrest warrants be unsealed after they have been executed.

Accordingly, the United States requests that the Court seal these documents, except that the Clerk of Court shall provide copies of the sealed documents to employees of the United States

Attorney's Office. The United States further requests that the United States Attorney's Office be permitted to share these documents as necessary to comply with its discovery obligations, and with the Drug Enforcement Agency, which may share them with other law enforcement agencies as needed in the investigation.

DATED: September 12, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ Benjamin F. Farkas
Benjamin F. Farkas
Assistant United States Attorney

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

BENJAMIN F. FARKAS (CABN 308811)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7223
FAX: (415) 436-7234
Benjamin.farkas@usdoj.gov

Attorneys for United States of America

FILED

**14 September 2026**

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES<br>v.<br>JOSEPH VIVERO AQUINO, JOHNCRISVER TORRELEZA BUEN, AMADO HERNANDEZ-JUAREZ, MARLO TUBIG LACSAMANA, AND REGGIE PENA LACSAMANA | NO.: 3:26-mj-71207 MAG<br>MOTION FOR SEALING ORDER<br>**UNDER SEAL** |

Upon motion of the United States and good cause having been shown, IT IS HEREBY ORDERED that the government's application for a sealing order, the sealing order, c omplaint, affidavit, arrest warrants, penalty sheets, and all attachments in the above-referenced case, shall be filed under seal until further order of the Court, except that the Clerk of Court shall provide copies of the sealed documents to employees of the United States Attorney's Office. The United States Attorney's Office is permitted to share these documents as necessary to comply with its discovery obligations, and with the

Drug Enforcement Agency, which may share them with other law enforcement agencies as needed in the investigation. The arrests warrants are hereby unsealed after they have been executed.

IT IS SO ORDERED.

DATED: _September 13, 2026________

HON. LISA J. CISNEROS
United States Magistrate Judge